Yes, Your Honor. May it please the Court, Mark Yohalam on behalf of the United States, and with me today is Stephen Cazares, who is the lead trial counsel in the District Court. With the Court's leave, we'd like to divide our time with me briefly addressing the jurisdictional issues to the extent the Court has questions, and then ceding the remainder of my time to Mr. Cazares to talk about the merits, and then we reserve three minutes for rebuttal.  So I want to start with why there is jurisdiction over the government's appeal, and the best case here is the W.R. Grace decision, but this is a rare circumstance where there is Ninth Circuit case law, statutory language, clear legislative history, Supreme Court case law, all unanimously saying that 3731 has to be construed broadly, liberally, to permit government appeals of all pretrial adverse evidentiary rulings excluding material evidence. So given that, the question is whether a District Court order that says that the evidence is being excluded but without prejudice to the issue being revisited at trial can be appealed. And the government's position is, of course it can, because all pretrial rulings on evidence, motions eliminate, can be revisited at any time at trial. If it were the case that the mere fact that a ruling could be revisited at trial destroyed 3731 jurisdiction, then it would never be possible to appeal the pretrial exclusion of evidence. And the other consequence would be that it leaves entirely to the trial judge the decision whether something becomes appealable, because the trial judge, who doesn't want to be reviewed, can say, that evidence is out, but I might change my mind later. That is correct, Your Honor, although I would certainly not impute any kind of bad faith to the District Court. But that interpretation would certainly leave the appealability entirely in the hands of the District Court. Correct, Your Honor. And it would be even more remarkable in that regard to say that the District Court, after the government had filed its notice of appeal, could then make additional statements that would destroy jurisdiction over that appeal, which is the defendant's position. So either the defendants have to stake out the position, as Defendant DeCense does, that essentially no rulings excluding evidence before trial are appealable, or they have to take the somewhat more moderate position that Defendant Mazo takes, which is if the District Court hems and haws enough, then the pretrial exclusion of evidence is not appealable. What's your position on that? Let's say that instead of issuing a written ruling that actually I think – I can't remember whose motion to eliminate it was. Was it the defendant's to keep the evidence out? It is, and so that's significant. Granted. Let's just say it said I'm basically punting. You know, I'm leaning – you know, defendants, I'm leaning your way, but I am not in a position now to make this call. Much of it is going to turn on four or three considerations. I really am going to need to see how the evidence comes in at trial, so I'm just going to defer a ruling on that. Your position would be that it's not appealable? That would violate Rule 12. So there would be a question of exactly what form the appeal would take. It is – if a court hasn't actually excluded the evidence, then it may not fall within 3731, but it would have violated – clearly violated Rule 12, which says that you cannot defer a ruling if doing so will deprive a party of its ability to appeal. So the burden would shift to the government, I guess, at that point, To insist no district judge, you must under – is it Rule 12H? I can't remember what the subdivision is. Right. You must rule one way or the other definitively on this motion so that we can decide whether we want to appeal? That's correct, but I think that the court would not – if a district court were so explicit as your question poses, Judge Watford, we would obviously be in a very different position than this case. To the extent it's this court trying to interpret what a district court decision means, obviously this court should assume that the district court complied with Rule 12 rather than assuming that the district court sort of sneak away without outright saying it violated Rule 12. I don't – until the government insists on having a definitive ruling, I don't think the judge knows whether he or she is going to violate Rule 12. There's nothing wrong with deferring ruling on a motion and limiting it until the trial starts, and there might not have been anything wrong with doing that here, right, given that if 403 is really going to be the driver of the analysis, as the district judge suggested, it may well be more prudent to wait until trial to rule on it. So let me – I guess let me be clear. If the district court in fact defers ruling on a defense motion to exclude evidence, then there may not actually be a – at least – I'm sorry. If the court were to defer ruling on a government motion to admit evidence, which is sort of the nightmare scenario of the government forcing every evidentiary rule to be decided before trial, I think in that circumstance the district court could defer ruling or could rule and simply say I deny the government's motion, but I'm not ruling that the evidence is excluded. I'm just ruling that it would be premature to admit the evidence. But what I think generally speaking the district court cannot do under Rule 12 is where defendants move and eliminate to exclude evidence, defer ruling on it. The court simply has to deny the ruling and say as the record currently stands, defendants cannot make out a Rule 403 exclusion claim. As the record stands now, it's defendants' burden to show that they have demonstrated that Rule 403, a rule that favors admissibility, nevertheless requires me to exclude this evidence. Defendants haven't met that burden. So I am ruling against them. I'm denying the motion without prejudice to them objecting at trial. That is certainly perfectly fine. I don't think there's – what in the rules requires the district court 100% of the time to rule pretrial? I don't think that's in the rules. I think there's a provision that allows the government, as you pointed out, to insist if the court is going to defer ruling that no, this is so important to us that we would take a 3731 appeal if you were to grant this motion that we need you to tell us definitively, at least for now, which way you're going. That I understand, but I don't think there's any requirement that in 100% of the cases the judge has to rule pretrial on motions and eliminate them. Well, certainly the court doesn't need to reach that issue, and the government doesn't think the court needs to issue such a broad decision here because the district court indisputably did grant the motion to exclude. But I – and so I don't want to waste a lot of the court's time. I think Rule 12 is self-activating. It doesn't say upon demand from the government the district court may not defer ruling. It just says the district court must not defer ruling. It won't interfere with someone's ability to appeal, but the government's not going to appeal every single motion eliminated. But it would affect the jurisdiction, at least potentially. But I don't want to spend more time on that unless that's dispositive to the court here, which I don't see why it would be because here we do have a ruling granting it. And I'll just note that the Third, Fourth, and Fifth Circuits have all dealt with analogous cases and all said that there is jurisdiction to appeal. Even the Brooks case that the defendants cite in their favor, the court found there was jurisdiction there, even though the district court there said it was barring the evidence only from the case in chief and left open that it might allow the evidence as rebuttal evidence, even there the First Circuit said there was sufficient evidence. There are no cases where a district court granted a defense motion to exclude evidence, and nevertheless the government was not allowed to appeal under 3731. Now I want to turn quickly to why there is no jurisdiction over the defense appeals. And starting with pendant jurisdiction, Garner, this court's decision, quote, expressly precluded the possibility of a court of appeals exercising pendant jurisdiction in a criminal case. Other circuits, the D.C. Second, Tenth, and Seventh, all agree with that. There are a couple of circuits that say there is possible to be pendant jurisdiction in a criminal case, but there what they're talking about is jurisdiction over a second government claim in a 3731 appeal. There is no circuit anywhere that has ever recognized pendant criminal jurisdiction for a defendant bringing a claim in cross appeal off of a 3731 appeal. Even in Tillman, where again the court did not actually find there to be pendant jurisdiction, that was also a defense lawyer who was appealing a sanction against him, and the question was whether there was pendant jurisdiction for him also to assert his client's claim. But again, that's not a cross appeal context. Defendants argue that Tillman basically abrogates Garner, which it obviously couldn't do. But in any event, if you look at the briefing in Tillman and listen to the oral argument, it's clear that Garner and Abney and the line of cases saying there is no criminal pendant jurisdiction were just never discussed to the court because the pendant jurisdiction issue only came up in passing in the reply brief and only momentarily at oral argument, and so there was just no opportunity for the court to assess the issue. So certainly Tillman should not be read as abrogating Garner or inviting a circuit split with four other circuits. Your co-counsel is going to be pretty much without time if you don't yield, which is fine with us. No, I will yield, Your Honor, and let him discuss the merits. Thank you very much. And I want to thank Your Honor for pointing that out to my co-counsel. May it please the court, Stephen Kazaris for plaintiff appellant United States of America to address the substantive issues in both appeals. I just want to point out a couple of things that I think are important. First, the interlace and Bausch evidence are direct evidence not just of the 1348 claim, as the defense seems to believe. It's direct evidence of the 10p5 charges as well as the 14e3 charges, and that is clear just upon a plain reading of the indictment. The indictment explicitly alleges the interlace allegations as the beginning of the scheme to defraud in the fall and winter of 2006, and those same allegations are incorporated by reference in the 14e3 charges as well as in the 1348 charges. Now, this is important because the interlace allegations as well as the Bausch conduct are direct evidence because a defendant's trading history practices in an insider trading case are at the center of every insider trading case. This is because the government seeks to prove that the charge conduct is inconsistent with that trading history, and the defense tries to show the opposite. For example, in this case, the evidence relating to interlace and the Bausch conduct is going to show, as the record reflects, that defendant Desense sold his EYE stock on both occasions at a substantial loss, used that money to turn it around and buy the target companies being acquired by his best friend's company. That's important because what that demonstrates, because of the concurrence of the trading, at the time Desense is buying interlace and Bausch, he has EYE in his mind. He has his best friend's company in his head at the time he's buying the stock. That is probative of insider trading, not just related to those acts, but as well as the later conduct when Desense not only traded ahead of the Abbott deal, but tip six of his friends. Counsel, what do you understand opposing counsel's arguments to be regarding the lack of execution of the scheme? That, I think, really ties down to a misunderstanding of 1348 and its purpose. The purpose of 1348 was to eliminate some of the technical requirements of Section 10B and 10B-3, 5 under Title 15. It was even intended to eliminate the jurisdictional and transactional executions, if you will, in the mail and wire fraud statutes. It's broadly construed to just require a scheme to defraud in connection with a company whose stock is registered with the SEC. My understanding of opposing counsel's argument was that you were required to show a specific trade and you didn't do that? Under Title 15, yes. Under 1348, absolutely not, because if you look at the language of 1348-1, there is no purchase and no sale required in the language or the elements, which is different from Rule 10B-5. And for that reason, the execution argument really holds no water, because really, with respect to Section 1348, an execution of that scheme to defraud is akin and no different to the bank fraud statute and the health care fraud statute. So long as acts are temporally or chronologically and substantively independent, but still further the scheme to defraud, that's an execution. And the government is only required to show one execution within the statute of limitations time period. The scheme can always begin before the limitations period, which it did here, as the indictment explicitly alleges. The indictment alleges a scheme to defraud beginning in the fall of 2006 through January of 2009, bookended by Interlace and Abbott, with the Bausch deal happening in the middle. And the fact that the Bausch deal and conduct isn't explicitly alleged doesn't make it other acts evidence. The government is never required to allege in an indictment all of its acts or evidence in furtherance of the scheme to defraud. And I see I have about a minute left. I'd like to reserve, unless Your Honors have some questions for me, one minute for rebuttal. Thank you, Your Honors. Good morning, Your Honors. Ken Julian on behalf of Doug DeCense, may it please the Court. We've divided our time one-third, two-thirds with the mazo folks in view of the fact that there's two appeals. So I'll try and be fast. I need to make three points to the Court this morning, and any others the Court may have. The first is I want to bring the Court, if I can, to ground zero on the jurisdiction question. And that's page 306 of the government's excerpts of record. Because what that shows, that's the last exchange between the government and the Court before the Court took the matter under submission. And the judge was asking about, and what's the judge doing there? Under the Curtin case, under Rule 403, the judge has to weigh the evidence. He's looking for things to put in the scale and weigh to see if he can make a final determination at this hearing. And he asked the government, what can you say now about calling Mr. Jackson? Jackson's no ordinary witness. He's the sole witness to what Mr. DeCense allegedly told him about interlaced being acquired. And the government responded back, Your Honor, he may testify. It's a developing theory and a developing case. It's going to depend on how the other evidence comes in. So at that point, the judge doesn't have what, you know, one of the main pieces of evidence to put in the scale. And on top of that, the government's communicating to the Court, and it's a fair reading, that it's going to wait to see how the evidence comes in before they even decide what they're going to put in or what they're going to do on interlaced, which they described as a developing theory. And it's very unfair, I believe, for the government to say, well, you didn't make a final ruling when the government really invited the court to do what the government was doing, which is to wait and see what the evidence showed before they made a decision. The court did grant the motion in limine to exclude the evidence, correct? I mean, saying maybe I'll change my mind later, but I am going to exclude this evidence. Yes? Judge Graber, absolutely. The answer is yes. So then just reading the plain text of 3731, why isn't that enough? Well, Your Honor, because of the Dior case. But Dior, it seems to me at least, was superseded, maybe sub salantio by W.R. Although our court has basically ignored it, we do have a later en bas case, W.R. Grace, that comes in 2008, that has a different standard. So why isn't Dior no longer good law? Your Honor, what Dior says, what I think is still valid, and what the government hasn't addressed, is 3731 does not eliminate 1291's limitation on the court's power to accept an appeal, which requires a final decision. Except that that is not what W.R. Grace says. It appears that we have held in more recent years, including once en banc, that 3731 is an alternative route to appellate jurisdiction. And it's troubling only because we sort of didn't cite Dior when we're going a different way, and that requires some explanation. But I guess I don't see why it's still good law. Well, I'd invite the court's attention to the Whitmore case that was decided earlier this year. And in that case, the court is making a common sense distinction between two kinds of rulings on motions to eliminate. Those that are, quote, tentative and without prejudice, and subject to renewal any time, which this order was. And also rules that are definite and exclude evidence, which this was not. And I think that's a common sense thing that we've seen in the case law. Because my time is short, I want to shift, if I can, to the government also depriving the court of an opportunity to make a final ruling. In court, talking about Jackson, they're sitting on a proffer. They're sitting on a proffer from Jackson that says, I don't have any recollection of the sensei providing inside information. Now, they withheld that from the scale. So how can you come into court and say the judge has to make a final ruling when the government isn't giving the judge what he needs to make that final ruling? Well, that would be a more potent argument if the court had deferred making a ruling, but the court went ahead and made the ruling on the motion. It's true, Your Honor. Judge Rawlinson, that's correct. But I believe that this is distinguished from some of the other cases because the government could raise it any time. They could have raised it before opening statement. They could have raised it after opening or during any of the witnesses. So the government was not foreclosed from raising this at any time. They said they wanted to see how the evidence came in before they decided how to present it. But the question is, were they required to do that before pursuing an appeal? I believe that, yes, the district court needs a fair opportunity to decide the matter, especially when the government's inviting the court to make a tentative ruling, because here the government really got what it asked for, which is don't exclude it totally, Your Honor. We're going to see how the evidence comes in if we want an opportunity to come back and put the evidence in. What is the case in our circuit that most strongly supports the argument that you're making that if the government is responsible for the lack of a definitive ruling, then the appeal is not available? What case says that? It would be a combination of the Whitmore case and the Dior case, Your Honor. And that is that you've got to look at 1291. You've got to look at whether it's final or tentative. And that's a common-sense determination the court can make. I'm running over my time. The last argument that I want to make on the merits very quickly is that suspicious trading, which is all the defense or the government has shown here, has never been allowed, or not never, but in four cases we've cited, and they cite no contrary authority on motions in limine. You don't allow a jury to speculate whether a defendant has inside information based upon neutral facts and suspicious trading, such as relationships and things like that. Thank you very much. I'm going to defer to co-counsel. May it please the Court. I'm Clifford Sloan for James Mato. And I'd like to briefly address three points on the government's appeal and then talk about Mr. Mato's appeal. And the government's appeal, briefly a point on the merits, on standard of review, and on jurisdiction. First of all, on the merits, I want to highlight one issue that I think vividly illustrates why it's entirely appropriate for the Bausch and Lomb and interlace evidence to be excluded on Rule 403 and 404B grounds. The government has taken the position very explicitly, for example, on page 45 of their opening brief, that it does not have to prove that these previous transactions were illegal insider trading transactions, but it wants the jury to conclude that they were illegal insider trades, or as the government says, part of a pattern of illegal insider trades. And as Your Honors well know, there's an extensive body of law that has developed precisely to separate unlawful insider trades from a vast range of perfectly lawful stock trades, including ones that the government thinks are suspicious or have taken place under suspicious circumstances. And the government here wants to evade that body of law, which has evolved for very important reasons. And basically, what the government is suggesting is a kind of insider trading light or insider trading super light. It wants the benefit of insinuating that these were illegal insider trades without the burden of actually having to prove that they were illegal insider trades. And that goes right to the core of the Rule 403 and 404B issues. Why? Because, Your Honor, just looking at the different factors, and all of these were very much in Judge Guilford's mind are mentioned in the transcript in terms of generally the 403 factors. But the reasons why, okay, so first of all, look at prejudice under Rule 403. And something that Judge Guilford referred to, massively prejudicial to be insinuating that they're illegal insider trades without having to show that they are. Also, Judge Guilford explicitly said a classic trial within a trial. Because what's going to happen is they're effectively putting the burden on the defendants to put in lots of evidence to show that these were perfectly lawful trades and that they shouldn't draw that adverse inference. And there was a great deal of evidence in front of Judge Guilford that defendants had put in, showing extensive public disclosures about this information, showing that Mr. DeCensus had been in touch with this financial professional before the trade, showing he had previously traded in this sector. And in return, in reply, the government put in nothing. It relied on conclusory allegations, even conclusory allegations from the indictment. And Judge Guilford said many times in the course of these hearings that he had given the government considerable leeway on very broad and general language in the indictment, precisely because in his mind it was very important to watch the evidence carefully as it was coming in. And here, too, what the government wants is the benefit of the permissive half of that, but without having the limits that Judge Guilford thought was very important in combining the two. So getting back to your question, Your Honor, in terms of the factors, I mentioned prejudice, I mentioned undue delay, jury confusion, Judge Guilford mentioned issues of fairness and justice in the seven-week trial. So we get to 403 after a ruling has been made on 404, right? Whether or not the evidence comes in or not. I'm not sure that it has to be in that. What's your position on the 404? We think it should not come in under 404B as well, because it's classic propensity evidence. With the government, the gist of the government's position is because they did it before, you should conclude that they did it, the core charges having to do with the Abbott transaction. I don't think that's the inference they'd be asking the jury to draw, because obviously your client, neither of the defendants here has been charged with those prior acts. They'd just be saying they're presenting a story with respect to the Abbott trades. You can judge whether that's plausible or not. It would help to know that in very similar circumstances, the same thing happened. But that sort of strengthens the inference that the jury would draw with respect to the Abbott trades. It's not just propensity. Well, Your Honor, what they say very explicitly is they want to show they think it's material because it's part of a pattern. What does that mean, it's part of a pattern? Well, modus operandi is a permissible use of other acts of evidence, and so is absence of mistake, among other things that are permitted under 404, which are not the same as mere propensity. Yes, Your Honor. Even if there's not a scheme indicted that goes back in time, which would mean that we would never reach 404. Yes, Your Honor, but with respect, we don't see how it establishes modus operandi. Mistake hasn't been claimed. There are highly discretionary determinations. Now, the government tries very hard, and this gets to the standard of review, to get out from under that discretion. But with respect, we submit that they fall far short of doing it. With 403, this Court, in decisions like Jackson and Ono, has made clear that if this Court can conclude, based on a review of the record, that the district court considered the 403 factors. But we can't do that here, right, because all we have, I mean, I don't even think in the oral comments after the government filed its appeal that there's been any explicit 403 weighing by the district court, has there? Your Honor, I think that there has definitely been enough for this Court to defer and to obligate this Court to defer. In Ramirez-Jimenez, for example, this Court deferred based on the trial brief that was in front of the judge. But Judge Guilford explicitly said, first of all, in terms of 403 being a basis, he explicitly said, that he was highly affected by 403 in his rulings. He says on two occasions he ruled on the basis of 403 in addition to 404B, or beyond, I think was the word that he used. He called it a tentative 403 ruling. Wasn't that a post-talk rationalization, though, after he'd already made the ruling? How do we weigh that factor when we're considering it? Well, Your Honor, as we've cited in the briefs, at least two cases from other circuits, but Cap-Gemini and Barletta, where the First Circuit and the Second Circuit have said that when a district court is making comments to clarify and amplify the basis of his ruling, that's in aid of jurisdiction, and it's helpful to the Court, and that should be considered. And the government says nothing in its reply brief in response to that. And so we think very much this Court should consider those subsequent comments by the judge to amplify. I'm fine with doing that, but I'm saying even if we do that, where is there a discussion about how the probative value of the evidence or lack thereof? All I see in the oral comments is a concern, a justifiable concern, about the time that these two mini-trials within the trial, what that's going to consume. How do we evaluate the probative value of this and weigh that against the delay that this admitting it would cause? Well, so two points, Your Honor. First of all, he specifically talks about prejudice. I believe it's page 403 of the excerpts of record. He says there's also the 403 implications of prejudice beyond the delay. Now, he specifically refers to his concerns about the probative value. He does it in the context of he would want to evaluate it at trial. But, of course, the government has the burden with regard to 404B and 403 in this context. And so I think that it is fair, particularly under this Court's standard of deference to the district court, to read where he's expressing concerns about the probative value, and he wanted to see it as it came in. If it's not enough to defeat appellate jurisdiction, it should be very much a part of the deference that this Court is, according to him, that he very explicitly is explaining that he has concerns about the probative value. And he mentions that a number of times, Your Honor. Thank you, counsel. Your time has expired. Yes. Thank you, Your Honor. So if I may, I'll briefly address both the jurisdiction and the merits, if that would answer. Okay. So the government says there's no pendent appellate jurisdiction in the criminal context, period. And, of course, the Supreme Court articulated and explicated pendent appellate jurisdiction in the Swint case, a civil case. But there's no reason to carve out criminal law from that. And the collateral order doctrine is instructive on that point. That's in the civil arena as well. But the Supreme Court and this Court have applied it regularly in the criminal context as well, which is exactly the point, Your Honor. In the collateral order, for example, in Abney v. United States, in many double jeopardy contexts, it's very clear that the collateral order doctrine, which was explicated and announced in a civil context, Cone v. Beneficial, applies fully in the criminal context. Well, that makes sense only if your double jeopardy claim would preclude going to trial at all. Because then it would make no sense not to hear it because you shouldn't have to be tried. And here your claim is much more narrow than that, as I understand it. It is that there are a whole lot of charges, and a few of them are duplicitous and shouldn't be able to go forward. That's how I understand what your argument is. I mean, if he is convicted, a post-conviction appeal. So why would the collateral order doctrine, assuming it applies otherwise, even have any bearing here? So shifting to the double jeopardy claim in the collateral order doctrine from the pendent appellate jurisdiction, the general rule, of course, is that double jeopardy claims are appealable on an interlocutory basis. And the government is trying to carve out an exception for that. But I'm saying there's no logic to it in your situation, because there are a number of charges that would not be barred by double jeopardy, as I understand your argument. So we're only claiming it with respect to the charges that are multiplicitous. I understand that, and that's my point exactly. Your client has to go to trial, period, regardless of these double jeopardy claims. And if he were convicted of the charges that you claim are multiplicitous, as well as other charges, that's a perfectly good issue for appeal. So why would we do it collaterally before trial? Because it's the special nature of the double jeopardy clause, which protects against the double jeopardy, even if it's in one procedure. And, you know, for example, in this court's decision in United States v. Chick, where the court held that a claim in multiple punishments is interlocutorily appealable when there was a prior penalty in a civil proceeding, the government said exactly the same thing. It said, well, we're just talking about multiple punishments, and so at the end of the day, that can be dealt with on appeal. And for that matter, a court double jeopardy claim, in terms of successive trials, can be dealt with on appeal, and have been. But what the Supreme Court has said, what this court has said, is the special nature of the double jeopardy clause, is that for very important constitutional principles, you're not exposed to that double jeopardy. It's unique in that it protects you from the experience of being subjected to that double jeopardy. I understand your position. Thank you, Your Honor. Go ahead, I'm sorry. Very quickly, Your Honor. First, with respect to the finality requirement, as early as 1986 in the Russell decision, and in subsequent cases like Chowdhury and Woodruff and dozens of others, this court has made clear that the finality requirement doesn't apply to any of the specifically textually enumerated grounds of appealing under 3731, of which the exclusion is evident. Well, D.R. is out there, but it seems to be an aberration. It's inconsistent with a subsequent Embank case, which allows us, presumably, to not follow it. D.R. also turned on a non-textual interlocutory appeal, the government arguing that in the penumbras of the enumerated grounds of 3731 it could appeal, and this court said, if it's not in the text, there has to be a final decision. Next, I want to turn to defendants' argument that the government has the burden under 404B and 403 exactly backwards. The party moving for exclusion under those rules bears the burden, and both are rules of inclusion, not rules of exclusion. Finally, turning to the double jeopardy clause, I think it's critical to go to what Abney says and how Abney explains the narrow exception to the rule against collateral appeals. And what it says is that, to be sure, the double jeopardy clause protects an individual against being twice convicted for the same crime, and that aspect of the right can be fully vindicated on an appeal following judgment. However, it also protects against the right against being twice put to trial for the same offense. That right would be significantly undermined if appellate review of double jeopardy claims were postponed until after conviction. All of the cases they cite in the civil forfeiture context are second trials, and there is a narrow exception where you are saying, I shouldn't be put to trial twice. Correct. And in the D.C. Circuit case, they say it as well. And if you look at Zalapa, what Zalapa says is that the district court doesn't even need to resolve the multiplicity issue until after the trial is complete. If the district court doesn't need to resolve it before trial, how could it possibly be appealable before trial? It can't follow that the Abney narrow exception should apply, and so instead Abney's explanation that the finality requirement is particularly stringent in criminal prosecutions because the delays and disruptions attendant upon intermediate appeal, that's the rule that would apply, not the narrow Abney exception. Counsel, you have exceeded your time, and I believe that one of my colleagues has questions for the other counsels. Yes, Your Honor. Can we ask you to come back up? That would be helpful. Thank you. Thank you again, Your Honor. Well, my question is this. Let's say that we were to find jurisdiction in the government's appeal, and we were to rule in the government's favor. I guess I'm struggling with, and you want us to basically do a de novo 403 balancing review, and if we were to do that, what would we rule? Would we rule, no matter what happens at trial, this evidence is coming in, in all of its particulars? I don't even know what all the particulars are, frankly, at this point, or would we just say, I don't know, on a provisional basis, we're reversing the district court, and district court have at it again once you're in a position to see all the evidence come in? Well, I don't think a remand just to have the court reiterate the post hoc findings. Let me be clear. Let's say that we were to reverse, right, so the order granting the motion to eliminate is reversed. It's not going to be excluded, but normally the judge would still have the discretion at trial. I mean, let's say that, you know, you start to introduce this evidence, and it just becomes a complete sideshow, and the trial's already dragged on for six weeks at that point. Are we supposed to issue a ruling now that says no matter what happens at trial, District Judge, you must allow the government to put on whatever it wants relating to these other two sets of trades? No, Your Honor. The government is not asking this court to strip the district court of its 403 authority in order to, in some way, frame the length of the trial and the evidence that's coming in into the trial and submit it to the jury. But rather, the district court excluded evidence first based on several of what the government believes to be faulty grounds, because it's direct evidence and not even 404B. But to the extent that the government's submission and introduction of evidence at trial meets the 104B standards, which is really all we're required to do under Huddleston, of course the court maintains discretion throughout the trial to decide the government's spending too much time on interlace. Move on. The government, you know what, the Bausch evidence, for example, I'm not satisfied that you met 104B. The jury will be instructed not to consider that. The district court always maintains that authority, but what the court did here is it excluded the government from putting any of that evidence on without knowing all of the other circumstantial facts and evidence that the government was going to introduce into the trial that the court is required to consider when making the 404B and 403 decision. Let's put aside 404, because, right, we could just issue a ruling that says 404 is not going to keep this evidence out. But 403, I mean, there's just so many things that could change between now and the time at which the jury is supposed to hear this evidence. And I guess I'm just trying to figure out what is it that we would, what would we write in terms of a 403 analysis that would not preclude the, I mean, I assume it would have to leave the district court free to revisit that, right? I think that's correct. And the government isn't afraid of that. I think the error here was excluding the evidence on 403 grounds for any reasons, because the government doesn't believe there was a good basis, but then also for not doing a balancing on the record. There were really two errors there under 403 to the extent that was the basis for the pretrial preclusion. But once the trial begins, it's appropriate for the district court to maintain some discretion, as it always does under 403, to limit the evidence coming in to the extent facts develop where there is some prejudice. Now, the government is having a hard time conceiving of a real prejudice from prior insider trading evidence regarding the same company, same tipper, same tip B, and same downstream tip B. That's just direct probative evidence. There's no prejudice there. The prejudice is that it's inculpatory. Well, there's always prejudice. That's the point of putting it on. The question is whether the prejudice is unfair when weighed against these other factors. Exactly, Your Honor. And the government's position is the evidence is so similar and involves such the same company and same parties, there's no unfair prejudice. It's just inculpatory and routine in criminal cases such as these. Satisfied with the answers? Thank you.
judges: Graber, Rawlinson, Watford